IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON R. FULLER,

                Plaintiff,

      v.

PATRICIA HEINTZ/CANDEE,

                Defendant.

ORDER

07-C-305-C

---

      This case was filed on June 5, 2007, and at the August 1, 2007 telephonic preliminary pretrial conference, this court set the entire schedule in consultation with counsel, leading to a firm trial date of May 12, 2008. That's the last the court heard from the parties until March 6, 2008 when defendant's attorney filed a motion to withdraw. According to counsel, defendant fired her because she had been "insufficiently confrontational" during settlement negotiations. *See* dkts. 7-8. On March 14, 2008, new counsel appeared on behalf of defendant, *see* dkt. 10. That same day, plaintiff's attorney asked that the discovery deadline of April 11, 2008 be extended by two weeks because the parties had agreed to stay discovery during settlement negotiations. Counsel avers that on February 22, 2008 he had been advised by defendant's attorney that the defendant had accepted plaintiff's settlement proposal; on March 3, 2008, defendant's attorney e-mailed plaintiff's attorney to report that she had been fired and the settlement was dead in the water. *See* dkts. 11-12.

      Today, March 21, 2008, defendant's new attorneys moved for a telephonic status conference so that we could discuss new dates for amending the answer, filing dispositive

motions, potential mediation, extension of the discovery deadline, and presumably a new trial date. Plaintiff declined to join this motion. *See* dkt. 14.

With all respect to defendant's new counsel, they presume too much. Trial is firmly scheduled for May 12, 2008. The deadlines for amending pleadings and dispositive motions passed months ago. A party in a civil lawsuit cannot throw a wrench into the works on the eve of trial by firing her attorney and requesting a mulligan. It isn't going to happen. The court will extend the discovery deadline two weeks at plaintiff's request because plaintiff was sandbagged by defendant's change of position. Otherwise, the equities here require no further action from the court.

It is ORDERED that:

(1) Plaintiff's motion to extend discovery is GRANTED; and

(2) Defendant's motion for a telephonic status conference to reset the schedule is DENIED.


Entered this 21st day of March, 2008.

>BY THE COURT:
>/s/
>STEPHEN L. CROCKER
>Magistrate Judge