IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JASON R. FULLER,

                              OPINION and ORDER

           Plaintiff,

                              07-cv-305-bbc

    v.

PATRICIA HEINTZ/CANDEE,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Jason R. Fuller brought this civil action for injunctive and monetary relief against defendant Patricia Heintz/Candee, asserting claims of trademark infringement of his registered trademark "Teddy Bear Puppy." Defendant asserted three counterclaims for cancellation of plaintiff's trademark. On June 16, 2008, she filed a motion for summary judgment. Shortly thereafter, plaintiff filed a motion for voluntary dismissal of all his claims pursuant to Fed. R. Civ. P. 41(a)(2), acknowledging that eight months after filing suit he had entered into a "naked license" for use of his "Teddy Bear Puppy" mark, thereby abandoning his trademark rights. In addition, plaintiff applied to the trademark office to cancel the "Teddy Bear Puppy" mark. The cancellation became effective upon receipt.

      Defendant agrees with plaintiff that his case against her should be dismissed, but

1

contends that plaintiff should be required to pay costs and attorney fees, calling on the court to condition dismissal of plaintiff's case on his payment of costs and attorney fees. Voluntary dismissal under Rule 41(a)(2) is to be granted "on terms that the court considers proper." For example, the court may require that dismissal be with prejudice or condition the dismissal on plaintiff's payment of costs and attorney fees. Cauley v. Wilson, 754 F.2d 769, 771 (7th Cir. 1985). The purpose behind allowing the court to condition dismissal on special "terms" such as payment of attorney fees and costs is to provide a "quid for the quo of allowing plaintiff to dismiss his suit without being prevented by doctrine of res judicata from bringing same suit again." McCall-Bey v. Franzen, 777 F.2d 1178, 1184 (7th Cir. 1985). Thus, when a plaintiff obtains a dismissal *with* prejudice, no other terms are appropriate under Rule 41; the defendant has prevailed and "cannot be made to defend again." Cauley, 754 F.2d at 772.

In this case, dismissal under Rule 41(a)(2) could only be with prejudice. The motion for dismissal comes more than one year after the complaint was filed. Plaintiff cannot expect to subject defendant to one year of litigation and walk away unscathed, regardless whether plaintiff's abandonment of his trademark rights was intentional. More important, as plaintiff has conceded, he abandoned his trademark rights by granting a "naked license." It would make no sense to allow this case to be dismissed without prejudice. Because plaintiff's case must be dismissed with prejudice, it will not be conditioned on his payment of costs and

2

fees, as defendant has requested.

Defendant says she objects to voluntary dismissal of plaintiff's claims if she does not receive costs and fees. Therefore, I must consider whether plaintiff's claims may be dismissed voluntarily at all. Rule 41(a)(2) states that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." In this case, dismissal of plaintiff's case with prejudice threatens to moot defendant's three counterclaims for cancellation.

However, that is no reason to deny dismissal; the counterclaims have been mooted by plaintiff's independent cancellation of his trademark registration. Defendant's three counterclaims are for cancellation of plaintiff's federal trademark under 15 U.S.C. § 1119; defendant received the relief she sought when plaintiff cancelled his own trademark. Although defendant contends that plaintiff's cancellation does not moot her counterclaims because they leave untouched his state "common law rights," she did not bring a cause of action attacking his state law rights. In her counterclaims, defendant sought cancellation of a federal trademark, nothing more. Therefore, defendant's three counterclaims will be dismissed as moot, as will her motion for summary judgment.

Because defendant's counterclaims are mooted on grounds independent of plaintiff's motion for voluntary dismissal, plaintiff's motion may be granted over defendant's objection.

3

As I explained above, any dismissal of plaintiff's case must be with prejudice. Therefore, plaintiff's motion for voluntary dismissal will be granted on that condition. Generally, the court should allow the plaintiff an opportunity to withdraw a motion for voluntary dismissal if the court decides that dismissal must be with prejudice. Marlow v. Winston & Strawn, 19 F.3d 300, 305 (7th Cir. 1994). Such an opportunity is unnecessary in this case; plaintiff's concession that he granted a naked license and abandoned his trademark seals the fate of his case. TMT North America, Inc. v. Magic Touch GmbH, 124 F.3d 876, 885-86 (trademark owner abandons all trademark rights by granting "naked" license).

In sum, plaintiff's cancellation of his trademark registration of "Teddy Bear Puppy" has mooted defendant's three counterclaims and her related motion for summary judgment. In light of this cancellation, plaintiff's motion for voluntary dismissal of his claims asserting infringement of his trademark rights in the mark "Teddy Bear Puppy" will be granted and his case dismissed with prejudice. The dismissal will not be conditioned on plaintiff's payment of any costs and attorney fees.

Although I conclude that defendant is not entitled to costs and attorney fees under Rule 41, I express no opinion whether defendant might obtain costs and attorney fees pursuant to a Rule 54 motion, which allows costs to the "prevailing party" and provides that attorney fees may be sought where allowed by statute, rule or other grounds. But see 15 U.S.C. § 1117 (allowing attorney fees to the prevailing party in trademark infringement

cases only "in exceptional cases").

## ORDER

IT IS ORDERED that

1. Defendant Patricia Heintz/Candee's motion for summary judgment (dkt. #25) is DENIED as moot.

2. Defendant's counterclaims are DISMISSED as moot.

3. Plaintiff Jason R. Fuller's motion for voluntary dismissal (dkt. #30) is GRANTED and plaintiff's complaint is DISMISSED with prejudice.

4. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 5th day of August, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge