IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JASON R. FULLER,

                     Plaintiff,

      v.

PATRICIA HEINTZ/CANDEE,

                Defendant.

OPINION and ORDER

07-cv-305-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered November 4, 2008, I granted defendant Patricia Heintz/Candee's motion for costs and attorney fees in part. In particular, I concluded that defendant had established that this case became "exceptional" under 15 U.S.C. § 1117(a) when plaintiff granted a naked license to Sherri Smeraglia on February 25, 2008. In addition, I concluded that plaintiff's counsel was not liable for defendant's attorney fees under 28 U.S.C. § 1927 because defendant had failed to establish that plaintiff's counsel had engaged in "vexatious" litigation. Now defendant has submitted a timely itemization of costs and fees to which plaintiff has had an opportunity to object. In addition, defendant has moved for reconsideration of my conclusion that plaintiff's counsel is not liable under § 1927 and for Rule 11 sanctions on the ground that plaintiff's counsel failed to discover the naked license

1

and dismiss the case more promptly than he did and plaintiff has "moved" for reconsideration of the conclusion that the case was "exceptional" under § 1117(a).

Defendant will be awarded most of the fees and costs that she has itemized. Because defendant's attorneys' preparation of defendant's summary judgment briefs was not unreasonable and plaintiff has no other objection to attorney fees, I will award those fees in full. As for costs, I will award only those costs allowable under 28 U.S.C. § 1920, with one exception: defendant's counsel's online research fees will be awarded as out-of-pocket expenses allowable as attorney fees.

Next, defendant's motion for reconsideration will be granted in part. Although I am not persuaded that plaintiff's counsel's failure to discover the naked license sooner was anything worse than simple negligence, it was egregious behavior for counsel to put off for a week filing the motion for voluntary dismissal once he confirmed the propriety of dismissal and knew that settlement was no longer an option. This behavior was sufficiently culpable to warrant an award of attorney fees for that time period. As for defendant's motion for Rule 11 sanctions, it will be denied because there is no evidence that plaintiff's counsel ever advocated plaintiff's trademark rights before this court after discovering the naked license. Finally, plaintiff's "motion" for reconsideration will be disregarded because plaintiff never filed a proper motion for reconsideration but simply mentioned it in a brief.

OPINION

A.  <u>Defendant's Motions</u>

The gist of defendant's two motions is that the court should hold plaintiff's counsel liable for his failure to dismiss this case earlier.  Both motions rely on the same underlying facts.   From the parties' submissions, I find the following facts to be material and undisputed.

UNDISPUTED FACTS

On February 25, 2008, plaintiff granted a naked license to Sherri Smeraglia, invalidating the trademark being asserted in this case.  After that date, plaintiff's counsel continued to pursue plaintiff's case:   on March 28, 2008, he participated in a status conference with Magistrate Judge Crocker; on April 28, 2008, he responded to defendant's First Requests for Admission; on May 6, 2008, he responded to defendant's motion for leave to file an amended answer.   On April 22, 2008, plaintiff's counsel filed a petition for cancellation of defendant's trademark with the U.S. Trademark Trial and Appeal Board on the ground that it is likely to cause confusion with plaintiff's mark.  Both plaintiff and plaintiff's counsel signed the petition.

On May 8, 2008, plaintiff's counsel received defendant's Fourth Requests for Admission, asking plaintiff to admit that he had entered into an agreement with Smeraglia

3

allowing her to use the mark "Teddy Bear" and that the agreement did not include quality control provisions regarding her use of the mark. Plaintiff's counsel did not immediately forward the discovery requests to his client.

On May 27, 2008, defendant's counsel sent plaintiff's counsel a Rule 11 letter, asserting that plaintiff's counsel's continued advocacy of the case violated Rule 11 for three reasons: because the term "Teddy Bear Puppy" is generic, because plaintiff obtained his license by fraud and because plaintiff had engaged in naked licensing with Amy Zehe. That same day, plaintiff's counsel forwarded the discovery requests to plaintiff, who sent back a copy of the Smeraglia license.

Within one or two days, plaintiff's counsel advised plaintiff that his license with Smeraglia was a naked license and explained the legal consequences of that fact. Plaintiff's counsel did not immediately dismiss the case after receiving the Smeraglia license. Instead, on May 30, he offered to settle the case for $30,000 and a promise that defendant would "forever cease from infringing on the term teddy bear puppy." On June 3, plaintiff instructed his attorney to move for dismissal of this action.

On June 4, plaintiff's counsel discussed the Smeraglia license with defendant's counsel and stated that plaintiff would be moving for voluntary dismissal of all claims against defendant but also offered a "walk-away" global settlement of this case and the cancellation proceeding. On June 6, 2008, while awaiting a response to the settlement offer, plaintiff's

4

counsel asked for and received an extension of time from defendant's counsel to file a response to the Fourth Requests for Admission. That same day, defendant sent another Rule 11 letter to plaintiff's counsel, this time asking that plaintiff dismiss his case before the Trademark Trial and Appeal Board on the ground that he had engaged in naked licensing.

On June 9, 2008, defendant's counsel told plaintiff's counsel that defendant rejected the settlement proposal. Plaintiff's counsel stated that plaintiff would be filing a motion for voluntary dismissal in any event. On June 13, 2008, defendant's counsel sent a third Rule 11 letter, requesting dismissal of both this case and the case before the board, citing the earlier letters. According to plaintiff's counsel, he did not see that letter until June 15, 2008 because he was out of the office.

The deadline for filing dispositive motions was June 16, 2008. That morning, plaintiff's counsel responded to defendant's third Rule 11 letter, stating that he would be filing plaintiff's motion to dismiss that same day. Defendant's counsel responded that defendant would nonetheless file her motion for summary judgment because 99% of the work had been done the week before. Defendant filed her motion for summary judgment, arguing that plaintiff's trademark was invalid on multiple grounds. Later that day, plaintiff's counsel filed the motion for voluntary dismissal of plaintiff's case. Plaintiff later filed a brief in opposition to the motion for summary judgment and defendant filed a reply brief despite the fact that plaintiff had filed a motion for voluntary dismissal.

1.  Motion for Reconsideration

a.  Timing

As an initial matter, plaintiff contends that defendant's motion for reconsideration of the November 4, 2008 order must be disregarded because it is properly construed as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) and therefore had to be filed within 10 days of the November 4, 2008 order.  I disagree.

In White v. New Hampshire Department of Employment Security, 455 U.S. 445, 451-52 (1982), the Supreme Court held that a motion for attorney fees brought pursuant to 42 U.S.C. § 1988 was not subject to Rule 59(e), reasoning that whether a party is entitled to attorney fees as a "prevailing party" is an issue "uniquely separable from the cause of action to be proved at trial" and that applying Rule 59(e) in that setting is "[n]either necessary [n]or desirable to promote finality, judicial economy, or fairness."  Although the reasoning in White suggests that any motion for post-judgment attorney fees should not be subject to Rule 59(e), plaintiff contends that defendant's current motion for *reconsideration* of the order on attorney fees is, citing Samuels v. American Motors Sales Corp., 969 F.2d 573 (7th Cir. 1992).

That is not exactly what Samuels stands for.  In Samuels, the court held that the plaintiff's motion to reconsider the trial court's order awarding attorney fees was subject to Rule 59(e), id. at 578, but the order being challenged was one in which the trial court had

6

entered judgment on the issue of attorney fees because the fees had already been itemized.
Id. at 575.  That fact is key because Rule 59(e) applies only to motions to alter or amend a
*judgment*.  Unlike the order challenged in <u>Samuels</u>, the order being challenged in this case was
not one entering judgment on the issue of attorney fees because they had not yet been
itemized.  Therefore, defendant's motion is better treated as a motion for reconsideration
of an interlocutory order, which is not subject to Rule 59(e) and may be filed at any time
before the entry of the related judgment.  <u>Livingston Downs Racing Association, Inc. v.
Jefferson Downs Corp.</u>, 259 F. Supp. 2d 471, 474-77 (M.D. La. 2002) (Rule 54(b) applies
to motions for reconsideration of interlocutory orders, not Rule 59(e)); <u>cf.</u> <u>McCarter v.
Retirement Plan for District Managers of American Family Insurance Group, Inc.</u>, 540 F.3d
649 (7th Cir. 2008) (district court's decision to award attorney's fees to prevailing party not
reviewable by court of appeals until fees have been quantified because award is separately
appealable as independent final order).


b.  Merits

Having concluded that defendant's motion is timely, I turn to the merits.  Defendant
asks the court "re-examine the actions" of plaintiff's counsel and describes in detail for the
first time the specific role that plaintiff's counsel played in plaintiff's delay in moving for
voluntary dismissal of this case.  Section 1927 permits the award of costs against an attorney

"who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously."  28 U.S.C. § 1927.  It is not necessary to show subjective bad faith to award attorney fees under § 1927; "the bad faith standard . . . has an objective component, and extremely negligent conduct, like reckless and indifferent conduct, satisfies this standard." Claiborne v. Wisdom, 414 F.3d 715, 721 (7th Cir. 2005) (quoting Kotsilieris v. Chalmers, 966 F.2d 1181 (7th Cir. 1992)).  For example, an award of fees may be appropriate under § 1927 where counsel has raised baseless claims despite notice of their frivolous nature or "otherwise showed indifference to statutes, rules, or court orders."  Id.

Defendant's theory is that plaintiff's counsel *should have* known about the naked license before he claims to have found out about it because a reasonable lawyer:  (1) would have been checking up on the status of the trademark with plaintiff on a regular basis; or (2) at least would have checked with plaintiff before signing and filing a document with the U.S. Trademark and Trial Board stating that the trademark was valid.  At most, however, defendant has established negligence on the part of plaintiff's counsel.  The fact that plaintiff's counsel failed to check whether plaintiff had engaged in questionable licensing of his mark over a four-month period and before filing a petition for cancellation before the Board does not amount to "extremely negligent conduct" or recklessness or indifference as required under § 1927.  Defendant's evidence of misconduct is consistent with a lawyer who originally had reason to believe that plaintiff's trademark was valid and simply failed to

8

monitor his client over the course of the lawsuit.  It is possible that plaintiff's counsel was aware of some problem with his client's case before he says he was, but defendant has offered no evidence to establish as much.  Because I am not persuaded that plaintiff's counsel's failure to discover the naked license sooner was "extremely negligent," reckless or indifferent to any rule, I will deny defendant's motion for reconsideration on that ground.

However, this does not mean that plaintiff's counsel is off the hook.  It is undisputed that by June 3, 2008, plaintiff had instructed his attorney to dismiss the action.  Although it was acceptable for plaintiff's counsel to first attempt a global settlement offer before moving for dismissal of the case (even on such dubious terms as he offered), on June 9, 2008, defendant's counsel told plaintiff's counsel that defendant had rejected that offer.  In light of that rejection, plaintiff's counsel had no further basis to delay dismissal of the case. In other settings, plaintiff's seven-day delay may not have been problematic; in this case, however, that delay occurred the week before dispositive motions were due.  Plaintiff's counsel has offered no good reason for taking one additional week to file the one-page motion for dismissal that he ultimately filed.  Dkt. #30.  Under the circumstances, it was objectively unreasonable for plaintiff's counsel to delay dismissal and sufficiently culpable to warrant a limited award of attorney fees.  Therefore, defendant's motion for reconsideration of the order denying fees under § 1927 will be granted in part; plaintiff's counsel will be required to pay for the attorney fees and costs that defendant incurred after

9

plaintiff's counsel was told on June 9, 2008 that his settlement offer was rejected until he filed the motion to dismiss on June 16, 2007.  Defendant has already itemized those fees and costs, as I discuss below.

### 2.  Motion for sanctions

Defendant's motion for sanctions under Rule 11 is more of a stretch.  Defendant relies on Rule 11(b), which sets standards for a lawyer's "representations to the court." According to the rule, a lawyer must certify that its representations to the court are not being presented for any "improper purpose," are defensible under the law and supported by evidence.  Under Rule 11, a lawyer may not advocate a claim to the court if he discovers that it is no longer defensible.  However, defendant's only basis for requesting an imposition of sanctions under Rule 11 is plaintiff's counsel's failure to discover the naked license and move for dismissal of the case sooner.  There is no evidence that plaintiff's counsel ever attempted to advocate plaintiff's trademark infringement claims to the court after he became aware that plaintiff's mark was invalid; his next move before the court was to file a motion for voluntary dismissal.  Defendant suggests that plaintiff's counsel may have violated Rule 11 by stating to the Trademark Trial and Appeal Board that the trademark was valid, but his representations before the board have nothing to do with this court; assuming plaintiff's counsel did lie to the board, this court has no power to sanction him for that behavior.

Manez v. Bridgestone Firestone North American Tire, LLC, 533 F.3d 578, 588 (7th Cir. 2008) (holding that district court had no authority to evaluate lawyer's actions before separate courts in Mexico, stating that the issue was "a matter for the Mexican judicial and bar authorities, not for us"); see also Jackson v. Smedema Trucking, Inc., 536 F. Supp. 2d 1009, 1011 (W.D. Wis. 2008) (Rule 11 gives district court authority to sanction parties "only when a party has violated Rule 11 in the context of the court's own proceedings.").

## B.  Plaintiff's "Motion" for Reconsideration

Plaintiff has asked the court to reconsider the order awarding attorney fees, suggesting that the court erred in concluding that plaintiff's conduct in this lawsuit amounted to "oppressive litigation tactics" for which he could be held liable under 15 U.S.C. § 1117(a). According to plaintiff, I erred when I relied on certain statements he made that he says were referring not to his "Teddy Bear Puppies" mark but to his mark for a dog registry called "ATBA American Teddy Bear Association."  Plaintiff's first problem is that he never actually filed a motion for reconsideration.  Instead, he only halfheartedly mentions his concerns in his brief in opposition to defendant's itemization of costs.  For that reason alone, I will not consider the "motion."  As explained in Fed. R. Civ. P. 7, "[a] request for a court order must be made by motion" and such motion should conform to "the rules governing captions and other matters of form in pleadings."  There is no better way to insure that a court (and

11

opposing parties) overlook a request for relief than to bury it in a brief.

Before plaintiff gets the impression that I am simply inviting him to refile his "motion" in proper format, I should explain that I would not be inclined to grant such a motion. I disagree that the statements identified refer solely to his rights to his mark for a dog registry; the statements involve his concerns about others' use of the term "TeddyBear" to identify *dogs*, not associations. (For example, the January 2003 letter warned that "anyone selling puppies and or dogs under the name TeddyBear [is] infringing" upon his rights and a 2004 advertisement suggests that defendant is one of the "hot beds of fraudulent Teddy Bear™ sales.")

## C.  Itemized Fees and Costs

Defendant has itemized the fees and costs that she has incurred since February 25, 2008. Plaintiff objects to the amount for both fees and costs on a number of grounds. First, plaintiff contends that defendant incurred unnecessary costs by continuing to litigate this case even after discovering that plaintiff intended to dismiss it. In particular, plaintiff's counsel told defendant's counsel as early as June 4, 2008 that he would be dismissing his claims and on June 10, 2008 plaintiff admitted in writing that he had granted a naked license. Nonetheless, defendant's counsel continued to prepare defendant's motion for summary judgment and argued for invalidity on multiple grounds rather than simply

12

asserting the naked license.

I am not persuaded that defendant's counsel's work preparing the motion for summary judgment was unreasonable.  As I explained above, plaintiff did not actually file his motion for voluntary dismissal until June 16, 2008, the deadline for filing dispositive motions.  It was not unreasonable for defendant to prepare to move for summary judgment on multiple grounds before plaintiff actually filed his motion for voluntary dismissal.  At the time defendant filed her motion, plaintiff had still not filed his motion for voluntary dismissal in spite of his multiple promises to do so.  These factors suggest that defendant's counsel's work on the summary judgment motion was nothing more than safe lawyering.  Although it may have been more cost-effective for defendant's counsel to move for a motion for an extension of time for filing summary judgment motion to delay working on it once the naked license came to light, it was not unreasonable to prepare the motions rather than hope that the court agreed to extend the deadline, particularly in a court known for enforcing scheduling deadlines.

Next, plaintiff contends that defendant enhanced her litigation costs by filing a reply brief to her motion for summary judgment even after plaintiff had moved for voluntarily dismissal.  However, the reply brief filed by defendant was little more than a prematurely filed motion for attorney fees.  It was not unnecessary or wasteful because it served as the basis for defendant's later motion for attorney fees.  Because I conclude that neither the

13

summary judgment nor the later filings were wasteful, and because plaintiff disputes nothing else about the itemized attorney fees, defendant is entitled to the full award of attorney fees starting from the date plaintiff granted a naked license to Smeraglia.

Plaintiff's next argument involves defendant's itemized costs. According to plaintiff, defendant may receive only those costs enumerated in 28 U.S.C. § 1920, which do not include expenses such as postage, office copies or online research. I agree. Although defendant cites People for the Ethical Treatment of Animals v. Doughney, 263 F.3d 359 (4th Cir. 2001) for the proposition that the award of costs under the Lanham Act is within the court's discretion, precedent from this circuit suggests that, to the extent that 15 U.S.C. § 1117(a) entitles prevailing defendants to "the costs of the action," it does no more than refer to costs defined in 28 U.S.C. § 1920. Uphoff v. Elegant Bath, Ltd., 176 F.3d 399, 411 (7th Cir. 1999) (FLSA fee shifting provision providing for shifting of "the costs of the action" referred to costs as defined in 28 U.S.C. § 1920).

Plaintiff identifies as problematic the following:

- Defendant's personal expenses totaling $1,055, including travel costs, fees incurred by high school students researching newspaper archives, phone bills related to this case and personal copying costs;

- $1,105.05 in postage, calls and office copies incurred by her attorneys;

- $5,785.02 in online legal research fees; and

14

- • $289.39 spent for copies of sales orders that were requested but never produced in this lawsuit

I agree with plaintiff that § 1920 does not allow taxation of costs for any of these items.  However, some costs not available under § 1920 may nonetheless be charged as out-of-pocket expenses recoverable as attorney fees.  In particular, the Court of Appeals for the Seventh Circuit has held in other settings that computer-assisted research expenses are compensable separately from attorney fees.  <u>Matter of Continental Illinois Securities Litigation</u>, 962 F.2d 566, 570 (7th Cir. 1992) (citing <u>Harman v. Lyphomed, Inc.</u>, 945 F.3d 969 (7th Cir. 1991); <u>see also</u> <u>BASF Corp. v. Old World Trading Co.</u>, 839 F. Supp. 528, 533-34 (N.D. Ill. 1993), <u>aff'd</u>, 41 F.3d 1081 (applying <u>Harman</u>, 945 F.3d 969, to fees recoverable under 15 U.S.C. § 1117(a)).  Although I see no reason to assume that the fees for postage, calls and office copies are recoverable as out-of-pocket expenses, defendant will be awarded $5,785.02 for the expenses incurred performing online legal research.

In light of these conclusions, defendant's motion for fees and costs will be granted for the following amounts:

- • $60,659.00 in attorney fees incurred from February 25, 2008 until this case was resolved, including briefing on the itemization of attorney fees; and

- • $5,785.02 in costs.

In addition, because I have reconsidered defendant's motion for fees and costs under § 1927

15

and will be awarding fees for those fees incurred following his June 9, 2008 conversation with defendants' counsel until June 16, 2008, plaintiff's counsel is jointly and severally liable with plaintiff for $5,833 in attorney fees.


ORDER

IT IS ORDERED that

1.  Defendant Patricia Heintz/Candee's motion for attorney fees and costs from plaintiff Jason R. Fuller under 15 U.S.C. § 1117(a) is GRANTED in the amount of $66,444.02;

2.  Defendant's motion for reconsideration of the November 4, 2008 order denying her motion for attorney fees under 28 U.S.C. § 1927 is GRANTED in part.  Defendant's motion for attorney fees from plaintiff's counsel Michael T. Hopkins is GRANTED; plaintiff's counsel is liable for $5,833, jointly and severally with plaintiff.

Entered this 30th day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

16